

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Calhoun                                          :                    CIVIL ACTION
                                                 :
                        v.                       :
                                                 :
Commonwealth of Pennsylvania, et. al.            :        NO.  **19    2533**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          **2254** (☒)

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human
    Services denying plaintiff Social Security Benefits.                              (☐)

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (☐)

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                             (☐)

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.                                                                 (☐)

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (☐)

| | | |
|---|---|---|
| JUN 1 0 2019 | _Dml McG_ | |
| **Date** | **Deputy Clerk** | **Attorney for** |
| | | |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02



**19    2533**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ PO Box 562, Philadelphia, PA 19106 _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____ Philadelphia _____

---

*RELATED CASE, IF ANY:*

Case Number: 09 - 1707     Judge: Du Bois     Date Terminated: 7/27/10

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?                                    Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?                Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?       Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?                                                      Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/10/2019     *Owl Mark*                        _____
                     *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.*   *Federal Question Cases:*                          *B.*   *Diversity Jurisdiction Cases:*

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts      ☐  1.  Insurance Contract and Other Contracts
☐  2.  FELA                                                              ☐  2.  Airplane Personal Injury
☐  3.  Jones Act-Personal Injury                                         ☐  3.  Assault, Defamation
☐  4.  Antitrust                                                         ☐  4.  Marine Personal Injury
☐  5.  Patent                                                            ☐  5.  Motor Vehicle Personal Injury
☐  6.  Labor-Management Relations                                        ☐  6.  Other Personal Injury *(Please specify):* _____
☐  7.  Civil Rights                                                      ☐  7.  Products Liability
☑  8.  Habeas Corpus   2254                                              ☐  8.  Products Liability – Asbestos
☐  9.  Securities Act(s) Cases                                           ☐  9.  All other Diversity Cases
☐  10. Social Security Review Cases                                             *(Please specify):* _____
☐  11. All other Federal Question Cases
        *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or pro se plaintiff*, do hereby certify:

☐  Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐  Relief other than monetary damages is sought.

DATE: _____     _____     _____
                          *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*



PAE AO 241
(Rev. 05/2018)

Page 4

PROTECTIVE **PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Eastern District of Pennsylvania |
|---|---|
| Name (under which you were convicted): DAVID CALHOUN #59771-066 | Docket or Case No.: 19 2533 |
| Place of Confinement: FDC Philadelphia. Prisoner No.: #59771-066 Petitioner is currently subject to PA Parole Board detainer. See Attachment | P.O. Box 562, Phila., PA 19106 |

| Petitioner (Include the name under which you were convicted): DAVID CALHOUN | Respondent (Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner): COMMONWEALTH OF PENNSYLVANIA |
|---|---|
| | and |
| v. | The District Attorney of the County of: PHILADELPHIA |
| | and |
| | The Attorney General of the State of: PENNSYLVANIA |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Court of Common Pleas for Philadelphia County
   1301 Filbert Street, Philadelphia, PA 19107

   (b) Criminal docket or case number (if you know): CP-51-CR-0601371-2000 and CP-51-CR-0910211-2000

2. (a) Date of judgment of conviction (if you know): June 11, 2002

   (b) Date of sentencing: June 11, 2002

3. Length of sentence: Three to six years

4. In this case, were you convicted on more than one count or of more than one crime? ☒ Yes  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: Two counts of possession with intent to deliver controlled/counterfeit substance; one count of conspiracy; and one count of possession of an instrument of crime

PAE AO 241
(Rev. 05/2018

6.     (a)  What was your plea?  (Check one)

      ☐ (1)     Not Guilty            ☒ (3)     Nolo contendere (no contest)

      ☐ (2)     Guilty                ☐ (4)     Insanity plea

  (b)  If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?  nolo contendere as to all four counts listed in part 5 above

  (c)  If you went to trial, what kind of trial did you have? (Check one)

      ☐ Jury            ☒ Judge only

7.     Did you testify at a pretrial hearing, trial, or a post-trial hearing?

      ☐ Yes            ☒ No

8.     Did you appeal from the judgment of conviction?

      ☐ Yes            ☒ No

9.     If you did appeal, answer the following:

  (a)  Name of court:  N/A

  (b)  Docket or case number (if you know):  N/A

  (c)  Result:  N/A

  (d)  Date of result (if you know):  N/A

  (e)  Citation to the case (if you know):  N/A

  (f)  Grounds raised:  N/A

  (g)  Did you seek further review by a higher state court?

      ☐ Yes            ☒ No

If yes, answer the following:

(1) Name of court: _____ N/A _____

(2) Docket or case number (if you know): ____ N/A _____

(3) Result: _____ N/A _____

(4) Date of result (if you know): _____ N/A _____

(5) Citation to the case (if you know): _____ N/A _____

(6) Grounds raised: _____ N/A _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?

☐ Yes          ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): ___ N/A _____

(2) Result: _____ N/A _____

(3) Date of result (if you know): _____ N/A _____

(4) Citation to the case (if you know): _____ N/A _____

(i) Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

☒ Yes          ☐ No

10.   If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: __Court of Common Pleas Philadelphia County__

(2) Docket or case number (if you know): __same as original__

(3) Date of filing (if you know): __December 28, 2005__

(4) Nature of the proceeding: __PCRA --time credit issue__

(5) Grounds raised: __Petitioner requested time credit for time held in custody on the instant matter.__

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☒ No

(7) Result: __Motion granted --time credited__

(8) Date of result (if you know): __December 15, 2006__

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: __same court as above__

(2) Docket or case number (if you know): __same as original__

(3) Date of filing (if you know): __September 24, 2014__

(4) Nature of the proceeding: __Motion to Correct Trial Record & supplemental PCRA__

(5) Grounds raised: __Request to correct docket & court documents__
__to reflect plea of nolo contendere rather than the__
__erroneously listed disposition of "guilty plea"; supplemental__
__PCRA was also filed to challenge voluntariness and__
__knowing nature of entry of plea__

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☒ No

(7) Result: __Motion to Correct denied and PCRA denied__

(8) Date of result (if you know): __January 16, 2018__

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: __same court__

(2) Docket or case number (if you know): __same as original__

(3) Date of filing (if you know): __on or about December 2018__

(4) Nature of the proceeding: __PCRA__

(5) Grounds raised: __Commonwealth breached plea agreement by__
__requesting court to maintain erroneous record reflecting__
__guilty plea disposition where the bargain which had__
__been reached by the parties was for petitioner to__
__enter nolo contendere (not a guilty plea).__

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: <u>no disposition yet</u>
(8) Date of result (if you know): <u>none</u>

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion:

| | | | | | |
|---|---|---|---|---|---|
| (1) | First petition: | ☐ | Yes | ☒ | No |
| (2) | Second petition: | ☒ | Yes | ☐ | No |
| (3) | Third petition: | ☐ | Yes | ☒ | Not yet |

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

<u>No need to appeal first petition because petitioner won.</u>
<u>The lower court has yet to issue a ruling to be appealed.</u>

11. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION:** To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** Plea of nolo contendere was rendered involuntary/unknowing Commonwealth breached plea agreement upon arguing for the Court of Appeals to permit the Common Pleas Court to maintain record of "guilty plea" where parties bargained for nolo contendere.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Commonwealth had offered to recommend current sentence and credit petitioner with time on house arrest in exchange for petitioner's entry of nolo contendere. The Common Pleas Court subsequently accepted the nolo contendere pursuant to said deal, but erroneously listed disposition as "guilty plea." Petitioner moved to correct but was denied by Common Pleas court. On appeal to Superior Court, Commonwealth argued to permit the Common Pleas Court to maintain an erroneous record of "guilty plea" disposition (contrary to plea agreement). As a result of Commonwealth's victory on said appeal, petitioner's nolo contendere was rendered involuntary and unknowing. Commonwealth's breach effectively converted plea to guilty.

(b) If you did not exhaust your state remedies on Ground One, explain why: __This is a protective habeas petition filed within one year of the alleged breach of plea agreement. The Court of Common Pleas has yet to rule on the corresponding PCRA petition. Petitioner requests this court to stay these proceedings pending the result of the state court proceedings.__

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        ☐ Yes   ☒ No   --did not appeal yet

    (2) If you did not raise this issue in your direct appeal, explain why? __N/A__

    _____

    _____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes   ☒ No

    (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: __Post Conviction Relief motion__

        Name and location of the court where the motion or petition was filed: __original court of conviction/sentence__

        Docket or case number (if you know): __same as original__

        Date of the court's decision: __none yet__

        Result (attach a copy of the court's opinion or order, if available): __none yet__

        _____

    (3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

    (4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☒ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        ☐ Yes   ☒ No

    (6) If your answer to Question (d)(4) is "Yes," state:

        Name and location of the court where the appeal was filed __N/A__

        _____

        Docket or case number (if you know): __N/A__

        Date of the court's decision: __N/A__

PAE AO 241
(Rev. 07/10)

Page 10

Result (attach a copy of the court's opinion or order, if available): __N/A__

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
    issue: __N/A -- no ruling has been issued by Common Pleas court__

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,
    etc.) that you have used to exhaust your state remedies on Ground One: ____none____

_____

_____

**GROUND TWO:** __Petitioner's entry of nolo contendere was rendered__
    __involuntary/unknowing upon state court's refusal to correct the__
    __public record to reflect nolo rather than "guilty plea" and refusal__
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): to strike
    __Common Pleas court accepted petitioner's plea of__        "guilty"
    __nolo contendere, yet erroneously listed said plea__      adjudication
    __as "guilty" and adjudicated him "guilty." The__
    __refusal of all state court's to correct said public record__
    __rendered involuntary/unknowing petitioner's plea of nolo__
    __contendere.__

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: __Issue exhausted__

_____

_____

_____

(c) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        ☒ Yes        ☐ No

PAE AO 241
(Rev. 07/10)

(2)  If you did not raise this issue in your direct appeal, explain why? _____ N/A _____

_____

_____

**(d)  Post-Conviction Proceedings:**

(1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a
state trial court?

☒  Yes          ☐          No

(2)  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _ PCRA _

Name and location of the court where the motion or petition was filed: _ original court
of sentence _

Docket or case number (if you know): _ same as original _

Date of the court's decision: _ January 16, 2018 _

Result (attach a copy of the court's opinion or order, if available): _ motion denied as
untimely (reason reflected on docket listing) _

---

(3)  Did you receive a hearing on your motion or petition?          ☐  Yes     ☒  No

(4)  Did you appeal from the denial of your motion or petition?     ☒  Yes     ☐  No

(5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☒  Yes     ☐  No

(6)  If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _ Superiro Court of PA
530 Walnut Street, Philadelphia, PA 19106 _

Docket or case number (if you know): _ 417 EDA 2018 _

Date of the court's decision: _ April 29, 2019 _

Result (attach a copy of the court's opinion or order, if available): _ Superior Court
denied petitioner's appeal requesting to correct the
~~record below and denied his PCRA (supplement).~~ The
opinion is attached as Exhibit 1. _

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
issue: _ The issue raised in this ground was raised and decided
by the Superior Court.  See opinion at Exhibit 1. _

_____

_____

_____

PAE AO 241
(Rev. 07/10)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____none_____

_____

_____

_____

**GROUND THREE:** _____none_____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

N/A

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes        ☒ No

(2) If you did not raise this issue in your direct appeal, explain why? _____

N/A

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes        ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____N/A_____

PAE AO 241
(Rev. 07/10)

Name and location of the court where the motion or petition was filed: _____
N/A

Docket or case number (if you know): ___ N/A ___

Date of the court's decision: ___ N/A ___

Result (attach a copy of the court's opinion or order, if available): _____
N/A

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
☐ Yes  ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ___ N/A ___

Docket or case number (if you know): ___ N/A ___

Date of the court's decision: ___ N/A ___
N/A
Result (attach a copy of the court's opinion or order, if available): _____
N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
issue: ___ N/A ___

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,
etc.) that you have used to exhaust your state remedies on Ground Three: _____
N/A

**GROUND FOUR:** ___ none ___

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
___ N/A ___

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☐ Yes  ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____N/A_____

_____

Docket or case number (if you know): _____N/A_____

Date of the court's decision: _____N/A_____

Result (attach a copy of the court's opinion or order, if available): _____
_____N/A_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
issue: _____N/A_____
_____
_____
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,
etc.) that you have used to exhaust your state remedies on Ground Four: _____
_____none_____
_____
_____
_____
_____

12.  Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court
having jurisdiction?

☐ Yes  ☒ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
presenting them: _GROUND TWO was presented to highest state court._
_GROUND ONE was not yet presented because Court of Common_
_Pleas has yet to rule.  This is a protective habeas_
_petition filed to preserve petitioner's habeas rights_
_by filing within the one-year time limit of the AEDPA._

PAE AO 241
(Rev. 07/10)

(b)  Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

~~none~~

13.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?

☒ Yes        ☐ No  --techinically petitioner never challenged the judgment challenged here. rather he only

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the challenged issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Parole Attach a copy of any court opinion or order, if available. U.S. Dist. Court for the Board rulir Eastern Dist. of PA (this court) in Calhoun v. PA Bd. of Parole, Case No. 09-cv-1707, 2254 habeas matter, decided on July 26, 2010. Issues raised include various due process challenges to Board's ~~decision to revoke parole.  Said revocation was the only~~ judgment challenged.  ORDER appears at 2010 U.S. Dist. LEXIS 75455 and OPINION appears at U.S. Dist. LEXIS 75289.

14.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?

☐ Yes        ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised:    N/A

15.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)  At preliminary hearing:  Guy Sciolla  (address unknown)

(b)  At arraignment and plea:  Louis T. Savino, Two Penn Center Philadelphia

(c) At trial: __Louis T. Savino, Two Penn Center, Philadelphia__

(d) At sentencing: ___same as above_____

(e) On appeal: ___none_____

(f) In any post-conviction proceeding: __Christopher Evarts, Atty. #61518__
(address unknown)

(g) On appeal from any ruling against you in a post-conviction proceeding: __none (pro se)__

16. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?

   ☐ Yes      ☒ No

   (a) If so, give the name and location of the court that imposed the other sentence you will serve in the future: __N/A__

   (b) Give the date the other sentence was imposed: ____N/A__

   (c) Give the length of the other sentence: __N/A__

   (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?

   ☐ Yes      ☒ No

17. **TIMELINESS OF PETITION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition*

   __GROUND ONE is timely on grounds the breach of the plea agreement occurred in December 2018 (less than one year from the date this petition was filed). GROUND TWO is timely on grounds that__ an incorrect record (by itself) is normally correctable. Once the state court's refused to correct the erroneous record, the error was no longer correctable. Said immutability of the error is what had rendered petitioner's plea involuntary/unknowing. Therefore, this GROUND is timely raised because the immutability of said error did not manifest until the Superme Court of Pennsylvania denied petitioner the opportunity to appeal and said ruling occurred this year.

PAE AO 241
(Rev. 07/10)

Page 18

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of -

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:  STAY of proceedings until Petitioner exhausts issues to state's highest court and upon an adverse ruling (against petitioner) to hold a hearing as to the issues presented and upon doing so grant the writ of habeas corpus by ordering the state court to vacate Petitioner's conviction and remand for trial

or any other relief to which petitioner may be entitled.

_David Calhoun_
*Signature of Attorney (if any)*
David Calhoun, pro se

PAE AO 241
(Rev. 07/10)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _MAY 29, 20K9_.
*(month, date, year)*

Executed (signed) on _May 29, 2019_ (date).

_David Calhoun_
*Signature of Petitioner*
David Calhoun

If the person signing is not the petitioner, state the relationship to petitioner and explain why petitioner is not signing this petition. _N/A_

BP-A0394
APR 10

**DETAINER ACTION LETTER**

**U.S. DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF PRISONS**

| TO: | | Institution | |
|---|---|---|---|
| Commonwealth of Pennsylvania<br>Board of Probation and Parole<br>1101 South Front Street, Suite 5800<br>Harrisburg, PA 17104<br>Attn: H. Kerstetter | | FDC Philadelphia<br>700 Arch Street<br>Philadelphia, PA 19106 | |
| | | Date | 05/12/2016 |
| Case/Dkt# | Inmate's Name | Fed. Reg. No. | DOB/SEX/RACE<br>10-11-1965/M/W |
| CP000600137; CP000901021 | CALHOUN, David | 59771-066 | |
| Aliases | | Other No. | |
| CALHOUN, David Andrew | | FBI #574337JC0  PA PAROLE #235CC | |

The below checked paragraph relates to the above named inmate:

[ ]   This office is in receipt of the following report: _____

Will you please investigate this report and advise what disposition, if any, has been made of the case.  If subject is wanted by your department and you wish a detainer placed, it will be necessary for you to forward a certified copy of your warrant to us along with a cover letter stating your desire to have it lodged as a detainer. If youhave no further interest in subject, please forward a letter indicating so.

[✓]   A detainer has been filed against this subject in your favor charging   PAROLE VIOLATION _____
_____. Release is tentatively scheduled for _____

however,  we will again notify you no later than **60 days** prior to actual release.  **To check on an inmate's location, you may call our National Locator Center at:  202-307-3126 or check our BOP Inmate Locator Website at www.bop.gov.**

[ ]   Enclosed is your detainer warrant.  Your detainer against the above named has been removed in compliance with your request.

[ ]   Your detainer warrant has been removed on the basis of the attached _____
Notify this office immediately if you do not concur with this action.

[ ]   Your letter dated_____  requests notification prior to the release of the above named prisoner.  Our records have been noted.  Tentative release date at this time is _____.

[ ]   I am returning your _____ on the above named inmate who was committed to this
institution on _____ to serve _____ for the offense of _____ . If you wish your
_____ filed as a detainer, please return it to us with a cover letter stating your desire to have it placed as a hold or indicate you have no further interest in the subject.

[ ]   Other:
WILL EXTRADITE

Sincerely,

Inmate Systems Manager

EXHIBIT  1

OPINION OF SUPERIOR COURT DATED APRIL 29, 2019

J-A04025-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID A. CALHOUN, | : | |
| | : | |
| Appellant | : | No. 417 EDA 2018 |

Appeal from the PCRA Order, January 16, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0601371-2000.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and COLINS,* J.

MEMORANDUM BY KUNSELMAN, J.:            **FILED APRIL 29, 2019**

David A. Calhoun appeals *pro se* from the order denying as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The PCRA court summarized the pertinent facts and procedural history as follows:

> [Calhoun] was arrested and subsequently charged in connection with selling narcotics with Silvino Macasieb in Philadelphia in 2000. On June 11, 2002, [Calhoun] entered a plea of nolo contendere before the Honorable Carolyn Engel Temin to two counts of possession with intent to deliver a controlled substance, criminal conspiracy, and possession of an instrument of crime. On the same date [Calhoun] was sentenced to three to six years [of] incarceration. No direct appeal was filed.
>
> On December 28, 2005, [Calhoun] filed his first *pro se* PCRA petition seeking credit for time served. Counsel was appointed and the PCRA court subsequently granted relief by agreement on December 15, 2006. [Calhoun] was

*Retired Senior Judge assigned to the Superior Court.

awarded credit for time served from January 31, 2000 to February 24, 2000.

On June 29, 2005, [Calhoun] was indicted in the United States District Court for the Eastern District of Pennsylvania on federal drug charges. *See United States v. Calhoun*, 2012 WL 2467010 (E.D. Pa. June 28, 2012). On April 20, 2006, following a jury trial before the Honorable Marvin Katz, the jury found [Calhoun] guilty on all counts charged. On August 11, 2006, [Calhoun] was sentenced to twenty years [of] imprisonment, followed by ten years of supervised release.

On September 14, 2014, [Calhoun] filed the instant *pro se* collateral petition, his second. [Calhoun] also submitted a supplemental PCRA petition which was reviewed jointly with his [2014] petition. Pursuant to [Pa.R.Crim.P.] 907, [Calhoun] was served notice of the PCRA court's intention to dismiss the petition on December 15, 2017. [Calhoun] submitted a response to the Rule 907 notice on December 26, 2017. On January 16, 2018, the PCRA court dismissed his PCRA petition as untimely.

PCRA Court Opinion, 4/26/18, at 1-2 (footnote omitted). This appeal followed.

The PCRA court did not require Pa.R.A.P. 1925 compliance.

Calhoun raises the following issues:

1. Are post-conviction motions that do <u>not</u> challenge either Calhoun's sentence or his conviction subject to the timeliness requirements of the PCRA?

2. Is Calhoun's "Motion to Correct Trial Record" not cognizable under the PCRA and therefore not subject to the PCRA's timeliness requirements?

3. Where the record reflects that Calhoun had never tendered a guilty plea, should the trial court have corrected the docket entries to reflect the correct dispositions of "nolo contendere" as opposed to allowing said fields to currently list dispositions of "Guilty Plea?"

J-A04025-19

> 4. Where the only disposition resulted from "nolo
> contendere" should the trial court have struck from the
> record that adjudication of "guilty?"

*See* Calhoun's Brief at 1.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Before addressing the merits of Ross's substantive claims on appeal, we must first address his assertion that the PCRA court wrongfully treated his 2014 "Petition for Writ of Error Coram Nobis" under the PCRA.[1] Our Supreme Court "has consistently held that, pursuant to the plain language of Section 9542, where a claim is cognizable under the PCRA, the PCRA is the only

---

[1] Within his brief, Calhoun re-characterizes this petition as a "Motion to Correct Trial Record." Although the docket sheet indicates that this is how the filing was recorded, the actual petition is one for a writ of error coram nobis. Nevertheless, Calhoun's request to correct the record is of no significance, since Pennsylvania case law is well settled that a plea of *nolo contendere* is equivalent to and treated the same as a guilty plea in terms of its effect upon the particular case. *See, e.g., Commonwealth v. Leidig*, 956 A.2d 399, 401 (Pa. 2008).

Moreover, our review of Calhoun's supplemental PCRA petition filed on July 26, 2017, readily indicates that Calhoun actually sees to challenge the voluntariness of his 2002 *nolo contendere* plea, which was used to enhance his federal sentence.

- 3 -

method of obtaining collateral review.  *See Commonwealth v. Descardes*,
136 A.3d 493, 497-98 (Pa. 2016) (explaining the PCRA subsumes the
remedies of habeas corpus and coram nobis).  Calhoun's challenge to the
voluntariness of his guilty plea, *see* n.1, is clearly cognizable under the PCRA.
Therefore, his characterization of his 2014 filing as a petition for coram nobis
relief is incorrect.  The PCRA court correctly treated the motion as a PCRA
petition.

Next, we consider whether Calhoun's serial petition was timely filed.
The timeliness of a post-conviction petition is jurisdictional. *Commonwealth
v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013).  Generally, a petition for
relief under the PCRA, including a second or subsequent petition, must be filed
within one year of the date the judgment becomes final unless the petition
alleges, and the petitioner proves, that an exception to the time for filing the
petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[2]

---

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of
> interference of government officials with the presentation of the
> claim in violation of the Constitution or laws of this Commonwealth
> or the Constitution or laws of the United States.
>
> (ii) the facts upon which the claim is predicated were unknown to
> the petitioner and could not have been ascertained by the exercise
> of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized
> by the Supreme Court of the United States or the Supreme Court

J-A04025-19'

42 Pa.C.S.A. § 9545. A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *See Hernandez*, 79 A.3d 651-52 (citations omitted); *see also* 42 Pa.C.S.A. § 9545(b)(2).[3] Finally, exceptions to the PCRA's time bar must be pled in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Here, Calhoun's judgment of sentence became final on July 11, 2002, when the time for filing an appeal to this Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Thus, Calhoun had until July 11, 2003, to file a timely PCRA petition. As he filed the petition at issue in 2014, it is untimely unless Calhoun has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez, supra*.

---

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[3] Our legislature recently amended this section of the PCRA to provide petitioners one year to file a petition invoking a time-bar exception. *See* Act of 2018, October 24, P.L. 894, No. 146. This amendment does not apply to Calhoun's serial petition.

J-A04025-19

Calhoun has failed to acknowledge, let alone establish, any exception to the PCRA's time bar. Instead, he argues that he is entitled to relief via a coram nobis petition, which provides an avenue for post-conviction relief outside the parameters of the PCRA. As noted above, well-settled case law holds otherwise. *See Descardes, supra*.

As such, the PCRA court correctly concluded that it lacked jurisdiction, and we affirm the court's order denying Calhoun post-conviction relief.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/19

---

[4] Additionally, our review of the record supports the PCRA court's alternative conclusion that Calhoun is ineligible for relief under the PCRA because he did not establish that he is currently serving the sentence for which he entered his *nolo contendere* plea. *See* PCRA Court Opinion, 4/26/18, at 2; *Descardes, supra*.

- 6 -

From: David Calhoun Reg. # 59771-066
FDC Philadelphia, P.O. Box 562
Philadelphia, PA 19106

To: Clerk of Courts, 2609 U.S. Courthouse
601 Market St., Philadelphia PA 19106

RE: NEW MATTER

Dear Clerk of Courts,

Please find the enclosed petition for
writ of habeas corpus (protective) and file
it as a new matter to the U.S. District
Court for the Eastern District of Pennsylvania.
There are two (2) attachments to said
petition which are enclosed. I have also
enclosed an application to proceed in forma
pauperis -- please process accordingly.

Thank you for your assistance.

Respectfully,

David Calhoun