# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID CALHOUN,<br>    Petitioner,<br><br>v.<br><br>COMMONWEALTH OF PENNSYLVANIA,<br>THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA, and<br>THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,<br>    Respondents. | CIVIL ACTION<br><br><br><br>NO. 19-2533 |

## O R D E R

**AND NOW**, this 20th day of February, 2020, upon consideration of Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Document No. 2, filed June 10, 2019), the record in this case, the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski dated December 5, 2019, *pro se* Petitioner's Objections to Report and Recommendation (Document No. 22, filed January 21, 2020), **IT IS ORDERED** as follows:

  1. The Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski dated December 5, 2019, is **APPROVED** and **ADOPTED**;

  2. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue because reasonable jurists would not debate the propriety of this Court's procedural ruling with respect to petitioner's claims. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The decision of the Court is based on the following:

  1. In 2000, *pro se* petitioner was arrested and charged with drug offenses for selling narcotics with a partner. On June 11, 2002, *pro se* petitioner entered a plea of *nolo contendere* to

two counts of possession with intent to deliver a controlled substance, criminal conspiracy, and possession of an instrument of crime. He was sentenced that same day to a term of three to six years incarceration. He did not file a direct appeal. The procedural history of the case thereafter, and the details of the related federal drug trafficking case, are set forth in the Report and Recommendation;

2. On May 29, 2019, *pro se* petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus raising the following two claims for relief:

   a. Ground One – plea of *nolo contendere* was rendered involuntary/unknowing.

   b. Ground Two – petitioner's entry of *nolo contendere* was rendered involuntary/unknowing upon state court's refusal to correct the public record to reflect *nolo* rather than "guilty plea" and refusal to strike "guilty" adjudication.

The Magistrate Judge recommended that the Petition be denied without an evidentiary hearing as time barred;

3. Because *pro se* petitioner did not appeal, his judgment of sentence became final thirty days after sentencing on June 11, 2002, that is, on July 11, 2002, upon expiration of the thirty-day appeal period. Pa.R.Crim.P. 720(a)(3). Under the *habeas corpus* one-year statute of limitations, *pro se* petitioner thus had until July 11, 2003, to timely file a *habeas petition* under 28 U.S.C. § 2244(d)(1). The instant Petition was filed on May 29, 2019, sixteen years late;

4. In his Objections, *pro se* petitioner argues for a different timeliness analysis. The Court is in complete agreement with the timeliness analysis of the Magistrate Judge and rejects *pro se* petitioner's analysis on this issue;

5. The Court notes that all of *pro se* petitioner's claims – the substantive claim as well as his current claim in his Objections for a different "factual predicate" start date for the statute of limitations – relate to a mere clerical error on the Pennsylvania docket sheets for his underlying state court case. The Pennsylvania docket sheets list the disposition of the case as "guilty plea" as opposed to "*nolo contendere*." *Pro se* petitioner now claims that this clerical error somehow rendered his plea involuntary. He also asserts that the *habeas* limitations period should not have begun to run until he discovered the clerical error on the docket sheets in December of 2018. The Court rejects these claims and arguments asserted by *pro se* petitioner; and,

6. *Pro se* petitioner's judgment because final after the date he could have discovered the factual predicate for his alleged claims, June 11, 2002. That is the date *pro se* petitioner could have discovered in the exercise of ordinary care that there was a clerical error on the docket sheet. Thus, the judgment in this case became final on July 11, 2002, and the *pro se habeas corpus* petition is therefore time barred.

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**

  **DuBOIS, JAN E., J.**